2009-16734
FILED
December 03, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002242295

**4**

1  MARK L. POPE #182769
   Assistant United States Trustee
2  GREGORY S. POWELL #182199
   ROBIN TUBESING #26680-49 [Indiana]
3  United States Department of Justice
   Office of the United States Trustee
4  2500 Tulare Street, Suite 1401
   Fresno, California 93721
5  Telephone: (559) 487-5002
   Telecopier: (559) 487-5030
6
7  Attorneys for Sara L. Kistler,
   Acting United States Trustee
8
9                UNITED STATES BANKRUPTCY COURT
10               EASTERN DISTRICT OF CALIFORNIA
11                     FRESNO DIVISION

12  In re:                      )  Case No. 09-16734-A-7
                                )  Chapter 7
13  HAROLD W. THOMAS,           )  DC No. UST-3
                                )
14                              )  Date: November 20, 2009
              Debtor.           )  Time: 9:00 a.m.
15                              )  Place: U.S. Bankruptcy Court
                                )  Courtroom 11, Fifth Floor
16                              )  2500 Tulare Street
                                )  Fresno, California
17  _____)  Judge: Whitney Rimel

18        **FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING
                 UNITED STATES TRUSTEE'S MOTION FOR
19            REVIEW OF FEES PURSUANT TO 11 U.S.C. § 329**

20       On November 20, 2009, the Court considered the United States Trustee's Motion for

21  Review of Fees Pursuant to 11 U.S.C. § 329. Robin Tubesing, Esq. appeared for the United

22  States Trustee. Having reviewed the pleadings and considered the arguments of the parties,

23  the Court now issues the following findings of fact and conclusions of law.

24                           **Findings of Fact**

25       1. On July 17, 2009, the Debtor filed Case No. 09-16734-A-7 styled *In re Harold W.*

26  *Thomas* in the Fresno Division of the Eastern District of California, with Brian T. Austin

27  ("Mr. Austin") as his attorney.

28

RECEIVED
November 23, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002242295

2. With the Petition, a Statement Pursuant to Bankruptcy Rule 2016(b) was filed indicating that the Debtor paid Mr. Austin $1,500.00.

3. The meeting of creditors under 11 U.S.C. § 341(a) was first scheduled for August 21, 2009. The Debtor and Mr. Austin appeared. The chapter 7 trustee requested that Schedule I be amended to include non-disclosed rental income and that Official Form B22A be amended to correct the Debtor's marital status and add the non-petitioning wife's gross wages and rental income.

4. The continued meeting of creditors was scheduled and held on September 29, 2009. The Debtor and Mr. Austin appeared. The Trustee noted that the requested amendments had not been made. Mr. Austin provided the Trustee with draft amended documents, which had not been filed with the Court.

5. The second continued meeting of creditors was scheduled and held on October 16, 2009. The Debtor appeared. Local counsel appeared on behalf of Mr. Austin. The Trustee noted that the amendments had still not been filed. The Trustee reviewed that draft amended Official Form B22A that had been provided to the Trustee at the previous meeting. She noted that the draft amended Official Form B22A had numerous errors. The amended Official Form B22A purportedly indicated that the presumption of abuse arises; however, the Trustee noted that no expenses were claimed, including the Local and National Standards. The Trustee continued the meeting to October 30, 2009.

6. As of November 20, 2009, no amendments to the schedules, Official Form B22A, or related bankruptcy documents were made.

### Conclusions of Law

7. The Acting United States Trustee is charged with the duty to supervise the administration of cases under Title 11 of the United States Code by, reviewing attorney conduct and compensation under section 330 of title 11; and when the Acting United States Trustee considers it be appropriate, by filing with the bankruptcy court comments with respect

to such compensation. 28 U.S.C. § 586(a)(3). In furtherance of that duty, the Acting United States Trustee is granted standing to raise and be heard on any issue in any bankruptcy case or proceeding pursuant to 11 U.S.C. § 307.

8. The Motion requests that fees paid to Brian T. Austin, former bankruptcy counsel for the Debtor, Harold W. Thomas ("the Debtor"), be reviewed and ordered disgorged pursuant to 11 U.S.C. § 329(b) and Rule 2017 of the Federal Rules of Bankruptcy Procedures.

9. Mr. Austin's fees are excessive for the services rendered and should be disgorged. Section 329(b) of the Bankruptcy Code provides that the court may order the return of any payment of compensation received by an attorney representing a debtor in a bankruptcy case, if such compensation exceeds the reasonable value of the legal services performed, to the extent excessive. Rule 2017(a), Fed. R. Bankr. P., further provides that on motion by any party in interest or on the court's own initiative, after notice and a hearing, the court may determine whether any payment of money or any transfer of property made by a debtor in contemplation of the filing of a bankruptcy petition to an attorney, for services rendered or to be rendered, is excessive.

10. The initial burden under section 329(b) is upon the attorney to justify the compensation charged in connection with a bankruptcy case. *In re Jastrem*, 253 F.3d 438, 443 (9th Cir. 2001); *In re Mahendra*, 131 F3d 750, 757 (8th Cir. 1997); *In re Basham*, 208 B.R. 926, 931-932 (B.A.P. 9th Cir. 1997); *In re Xebec*, 147 B.R. 518, 524 (B.A.P. 9th Cir. 1992). The court has broad discretion under section 329(b) to disallow and require disgorgement of attorney compensation found to be excessive. *In re Clark*, 223 F3d 859, 863 (8th Cir. 2000).

11. Mr. Austin failed to file the amended schedules and failed to cooperate with the Chapter 7 Trustee. Further, Mr. Austin no longer represents the Debtor, whose case is dismissed by separate order.

//

//

**Conclusion**

For the foregoing reasons, the Court concludes the following relief should be granted:

Brian T. Austin shall disgorge his fee of $1,500.00 to Harold W. Thomas and provide proof thereof to the United States Trustee within 30 days from the date of this Order. A separate order shall be entered.

Dated:

Dec 03, 2009

*[signature]*
United States Bankruptcy Judge